UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants. | Civil Action No. 26-1314 (DLF) |

**ANSWER**

Defendants U.S. Bureau of Land Management ("BLM"), U.S. Fish and Wildlife Service ("FWS"), U.S. National Park Service ("FWS"), and U.S. Department of Interior ("DOI") respectfully submit this Answer to the Second Amended Complaint ("Complaint" or "Compl."; ECF No. 16) filed by Plaintiff Western Watersheds Project in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials in this response. However, Defendants' references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including Plaintiff's entitlement to the relief sought, that are not specifically admitted to in this Answer. Defendants respond to the Complaint in corresponding, like-numbered paragraphs as follows:

## INTRODUCTION[1]

1. This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to bring this action under the FOIA but deny that Plaintiff is entitled to the relief requested.

2. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

3. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

4. Defendants admit only that this action relates to Plaintiff's FOIA requests; Defendants respectfully refer the Court to the cited requests as the best evidence of their contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph.

5. Defendants admit only that, as of the date of the filing of the Complaint on June 29, 2026, they had not issued final determinations with respect to the FOIA requests identified by the following tracking numbers: DOI-NPS-2024-001249; DOI-BLM-2024-001360; DOI-BLM-2024-000608; DOI-2025-001389; DOI-2025-002144; DOI-2025-003107; DOI-2025-007445; DOI-2025-007447; DOI-2025-007572; DOI-2026-002022; DOI-2026-002765; DOI-2026-003255; DOI-2026-006717. Defendants aver that as of that date, they had made final

[1] For ease of reference, Defendants reproduce the Complaint's headings here. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

determinations with respect to the FOIA requests identified by the following tracking numbers: DOI-FWS-2024-000851 and DOI-2025-008569.

6. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

7. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

8. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

11. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

12. Defendants admit only that Plaintiff seeks the relief described in this paragraph. To the extent this paragraph implies Plaintiff is entitled to such relief, that is a legal conclusion to which no response is required; to the extent a response is deemed required, Defendants deny the allegation.

**JURISDICTION, VENUE, AND BASIS FOR RELIEF**

13. This paragraph consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that jurisdiction is proper in this judicial district subject to the terms, conditions, and limitations of the FOIA.

14. This paragraph consists of Plaintiff's legal conclusion regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

15. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

16. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**PARTIES**

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

21. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that BLM is an "agency" within the meaning of FOIA.

22. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that FWS is an "agency" within the meaning of FOIA.

23. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that NPS is an "agency" within the meaning of FOIA.

24. This paragraph states legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that DOI is an "agency" within the meaning of FOIA.

## STATUTORY BACKGROUND

25–40. These paragraphs consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

## STATEMENT OF OPERATIVE FACTS

### Request DOI-BLM-2024-001360 or DOI-BLM-2025-001360

41. Defendants admit that Plaintiff submitted to BLM a FOIA request on or around February 7, 2020. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42. This paragraph describes Plaintiff's FOIA request. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

43. Defendants admit that BLM emailed Plaintiff on or around February 18, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

44. Defendants admit that BLM emailed Plaintiff on or around February 18, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

45. Defendants admit that BLM emailed Plaintiff on or around February 18, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

46. Defendants admit that Plaintiff emailed BLM on or around February 26, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

47. Defendants deny the allegations of this paragraph.

48. Defendants admit that Plaintiff emailed BLM on or around March 9, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49. Defendants admit that Plaintiff emailed BLM on or around March 9, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

50. Defendants deny the allegations of this paragraph. Defendants aver that BLM sent an email to Plaintiff on April 27, 2026, regarding the scope of Plaintiff's request, to which no response has been received.

51. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

52. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

53. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit only that BLM did not invoke "unusual circumstances" in connection with Plaintiff's request.

54. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

55. Defendants admit the allegations of this paragraph.

56. Defendants admit the allegations of this paragraph.

57. Defendants admit the allegations of this paragraph.

58. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

59. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-BLM-2024-000608/MT-2024-31**

60. Defendants admit that Plaintiff submitted to BLM five separate FOIA requests on or around April 11, 2024. Defendants respectfully refer the Court to the FOIA requests themselves for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

61. This paragraph consists of Plaintiff's characterization of its FOIA requests. Defendants respectfully refer the Court to the FOIA requests themselves for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

62. Defendants admit that BLM confirmed receipt of Plaintiff's request on or around April 11, 2024.

63. Defendants admit that BLM acknowledged and consolidated Plaintiff's requests and assigned them tracking number DOI-BLM-2024-000608/MT-20244-31 on or around June 28, 2024. Defendants respectfully refer the Court to the acknowledgment itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

64. Defendants admit that BLM emailed Plaintiff on or around July 11, 2024. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that email. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith,

65. Defendants admit that Plaintiff responded to BLM's email on or around July 11, 2024. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that response. Defendants respectfully refer the Court to the response itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

66. Defendants admit that Plaintiff emailed BLM on or around June 18, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

67. Defendants admit the allegations of this paragraph.

68. Defendants admit that BLM emailed Plaintiff on or around August 7, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

69. Defendants admit that Plaintiff emailed BLM on or around December 8, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

70. Defendants admit that BLM sent a letter to Plaintiff on or around December 9, 2025. Defendants respectfully refer the Court to the letter itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

71. Defendants admit that Plaintiff emailed BLM on or around January 5, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

72. Defendants admit the allegations of this paragraph.

73. Defendants admit that Plaintiff emailed BLM on or around February 11, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

74. Defendants admit that BLM emailed Plaintiff on or around February 12, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

75. Defendants admit that Plaintiff emailed BLM on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

76. Defendants admit the allegations of this paragraph.

77. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

78. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

79. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit only that BLM did not invoke "unusual circumstances" for Plaintiff's request.

80. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

81. Defendants admit the allegations of this paragraph.

82. Defendants admit the allegations of this paragraph.

83. Defendants admit the allegations of this paragraph.

84. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

85. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2025-001389**

86. Defendants admit that Plaintiff submitted to BLM a FOIA request on or around November 13, 2024. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

87. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statement of its contents and deny any allegations inconsistent therewith.

88. Defendants admit that BLM acknowledged Plaintiff's FOIA request and assigned it tracking number DOI-2025-001389 on or around November 20, 2024. Defendants respectfully refer the Court to the acknowledgment itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

89. Defendants admit that Plaintiff emailed BLM on or around February 4, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

90. Defendants admit that BLM emailed Plaintiff on or around February 4, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

91. Defendants admit that Plaintiff emailed BLM on or around April 7, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

92. Defendants admit the allegations of this paragraph.

93. Defendants admit that Plaintiff emailed BLM on or around August 25, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

94. Defendants admit that BLM emailed Plaintiff on or around August 26, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

95. Defendants admit that Plaintiff emailed BLM on or around December 24, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

96. Defendants admit the allegations of this paragraph.

97. Defendants admit that Plaintiff emailed BLM on or around January 5, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

98. Defendants deny the allegations of this paragraph.

99. Defendants admit that Plaintiff emailed BLM on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

100. Defendants admit that BLM emailed Plaintiff on or around March 3, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

101. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

102. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

103. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that BLM did not invoke "unusual circumstances" for Plaintiff's request.

104. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

105. Defendants admit the allegations of this paragraph.

106. Defendants admit the allegations of this paragraph.

107. Defendants admit the allegations of this paragraph.

108. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

109. This paragraph contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2025-002144**

110. Defendants admit that Plaintiff submitted to BLM a FOIA request on or around December 11, 2024. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

111. This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

112. Defendants admit that BLM acknowledged Plaintiff's FOIA request and assigned it tracking number DOI-2025-002144 on or around December 16, 2024.

113. Defendants admit that Plaintiff emailed BLM on or around March 25, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

114. Defendants admit the allegations of this paragraph.

115. Defendants admit that Plaintiff emailed BLM on or around April 7, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

116. Defendants admit the allegations of this paragraph.

117. Defendants admit that Plaintiff emailed BLM on or around August 25, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

118. Defendants admit that BLM emailed Plaintiff on or around August 26, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

119. Defendants admit that Plaintiff emailed BLM on or around December 24, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

120. Defendants admit the allegations of this paragraph.

121. Defendants admit that Plaintiff emailed BLM on or around January 5, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

122. Defendants admit the allegations of this paragraph.

123. Defendants admit that Plaintiff emailed BLM on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

124. Defendants admit that Plaintiff emailed BLM on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

125. Defendants admit that BLM emailed Plaintiff on or around March 3, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

126. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

127. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that BLM did not invoke "unusual circumstances" for Plaintiff's request.

128. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

129. Defendants admit the allegations of this paragraph.

130. Defendants admit the allegations of this paragraph.

131. Defendants admit the allegations of this paragraph.

132. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

133. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2026-002765**

134. Defendants admit that Plaintiff submitted to BLM a FOIA request on or around December 24, 2025. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

135. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

136. Defendants admit the allegations of this paragraph.

137. Defendants admit that Plaintiff emailed BLM on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

138. Defendants deny the allegations of this paragraph. Defendants aver that BLM sent to Plaintiff an acknowledgment letter on March 3, 2026, and a determination letter on or around April 20, 2026. Defendants respectfully refer the Court to those letters for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

139. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

140. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

141. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that BLM did not invoke "unusual circumstances" for Plaintiff's request.

142. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

143. Defendants admit the allegations of this paragraph.

144. Defendants admit the allegations of this paragraph.

145. Defendants admit the allegations of this paragraph.

146. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

147. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-FWS-2024-000851**

148. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around August 28, 2024. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

149. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the FOIA request itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

150. Defendants admit the allegations of this paragraph.

151. Defendants admit that FWS emailed Plaintiff on or around November 19, 2024. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

152. Defendants admit that Plaintiff emailed FWS on or around August 25, 2025. Defendants respectfully refer the Court to the email itself for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

153. Defendants admit the allegations of this paragraph.

154. Defendants admit that Plaintiff emailed FWS on or around December 24, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

155. Defendants admit the allegations of this paragraph.

156. Defendants admit that Plaintiff emailed FWS on or around January 5, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

157. Defendants admit the allegations of this paragraph.

158. Defendants admit that Plaintiff emailed FWS on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

159. Defendants admit the allegations of this paragraph.

160. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

161. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

162. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

163. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

164. Defendants deny the allegations of this paragraph. Defendants aver that FWS issued a final decision on DOI-FWS-2024-000851 on June 3, 2026.

165. Defendants deny the allegations of this paragraph.

166. Defendants deny the allegations of this paragraph.

167. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

168. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**Regarding Request DOI-2025-003107**

169. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around January 16, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

170. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

171. Defendants admit the allegations of this paragraph.

172. Defendants admit that FWS emailed Plaintiff on or around January 29, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

173. Defendants admit that Plaintiff emailed FWS on or around June 25, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

174. Defendants admit that FWS emailed Plaintiff on or around June 26, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

175. Defendants admit that Plaintiff emailed FWS on or around November 24, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

176. Defendants admit that FWS emailed Plaintiff on or around November 25, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

177. Defendants admit that Plaintiff emailed FWS on or around February 3, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

178. Defendants admit that FWS emailed Plaintiff on or around February 5, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

179. Defendants admit that Plaintiff emailed FWS on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

180. Defendants admit the allegations of this paragraph.

181. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

182. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

183. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

184. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

185. Defendants admit the allegations of this paragraph.

186. Defendants admit the allegations of this paragraph.

187. Defendants admit the allegations of this paragraph.

188. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

189. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2025-007447**

190. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around June 18, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

191. Defendants admit the allegations of this paragraph.

**192.** Defendants admit that Plaintiff emailed FWS on or around July 10, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

193. Defendants admit the allegations of this paragraph.

**194.** Defendants admit that Plaintiff emailed FWS on or around November 12, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

195. Defendants admit the allegations of this paragraph.

**196.** Defendants admit that Plaintiff emailed FWS on or around January 22, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

197. Defendants admit the allegations of this paragraph.

**198.** Defendants admit that Plaintiff emailed FWS on or around February 12, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

199. Defendants admit the allegations of this paragraph.

200. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

**201.** This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**202.** This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

**203.** This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

204. Defendants admit the allegations of this paragraph.

205. Defendants admit the allegations of this paragraph.

206. Defendants deny the allegations of this paragraph.

207. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

208. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request 2025-FWS-007445**

209. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around June 18, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

210. Defendants admit the allegations of this paragraph.

211. Defendants admit that Plaintiff emailed FWS on or around December 15, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

212. Defendants admit that FWS emailed Plaintiff on or around December 17, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

213. Defendants admit that Plaintiff emailed FWS on or around January 16, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

214. Defendants admit the allegations of this paragraph.

215. Defendants admit that Plaintiff emailed FWS on or around February 10, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

216. Defendants admit the allegations of this paragraph.

217. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

218. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

219. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

220. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

221. Defendants admit the allegations of this paragraph.

222. Defendants admit the allegations of this paragraph.

223. Defendants admit the allegations of this paragraph.

224. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

225. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request 2025-FWS-007572**

226. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around June 24, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

227. Defendants admit the allegations of this paragraph.

228. Defendants admit that Plaintiff emailed FWS on or around December 15, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

229. Defendants admit that FWS emailed Plaintiff on or around December 17, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

230. Defendants admit that Plaintiff emailed FWS on or around January 16, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

231. Defendants admit the allegations of this paragraph.

232. Defendants admit that Plaintiff emailed FWS on or around February 10, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

233. Defendants admit the allegations of this paragraph.

234. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

235. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

236. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

237. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

238. Defendants admit the allegations of this paragraph.

239. Defendants admit the allegations of this paragraph.

240. Defendants admit the allegations of this paragraph.

241. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

242. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding the Wolf and Grizzly Bear Request**

243. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around November 12, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

244. Defendants admit that Plaintiff emailed FWS on or around January 14, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

245. Defendants admit the allegations of this paragraph.

246. Defendants admit that Plaintiff emailed FWS on or around February 24, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

247. Defendants admit that FWS emailed Plaintiff on or around February 24, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

248. Defendants admit that Plaintiff emailed FWS on or around February 24, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

249. Defendants deny the allegations of this paragraph.

250. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

251. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

252. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

253. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

254. Defendants deny the allegations in this paragraph. Defendants aver that on or around June 4, 2026, FWS assigned the request tracking number DOI-2026-006717.

255. Defendants admit the allegations of this paragraph.

256. Defendants admit the allegations of this paragraph.

257. Defendants admit the allegations of this paragraph.

258. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

259. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2026-002022**

260. Defendants admit that Plaintiff submitted to FWS a FOIA request on or around November 24, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

261. Defendants admit the allegations of this paragraph.

262. Defendants admit that Plaintiff emailed FWS on or around December 11, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

263. Defendants deny the allegations of this paragraph. Defendants aver that FWS emailed Plaintiff on or around January 22, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

264. Defendants admit that FWS emailed Plaintiff on or around January 22, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

265. Defendants admit that Plaintiff emailed FWS on or around February 2, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

266. Defendants admit the allegations of this paragraph.

267. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

268. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

269. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that FWS did not invoke "unusual circumstances" for Plaintiff's request.

270. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

271. Defendants admit the allegations of this paragraph.

272. Defendants admit the allegations of this paragraph.

273. Defendants admit the allegations of this paragraph.

274. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

275. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request NPS-2024-001249**

276. Defendants admit that Plaintiff submitted to NPS a FOIA request on or around July 8, 2024. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

277. This paragraph consists of Plaintiff's characterization of its FOIA request. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

278. Defendants admit the allegations of this paragraph.

279. Defendants admit the allegations of this paragraph.

280. Defendants admit that Plaintiff emailed NPS on or around April 22, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

281. Defendants admit the allegations of this paragraph.

282. Defendants admit that Plaintiff emailed NPS on or around August 25, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

283. Defendants admit that NPS emailed Plaintiff on or around August 25, 2025.. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

284. Defendants admit the allegations of this paragraph.

285. Defendants admit that Plaintiff emailed NPS on or around December 24, 2025. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

286. Defendants admit the allegations of this paragraph.

287. Defendants admit that Plaintiff emailed NPS on or around January 5, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

288. Defendants admit the allegations of this paragraph.

289. Defendants admit that Plaintiff emailed NPS on or around March 2, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

290. Defendants admit the allegations of this paragraph.

291. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

292. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

293. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that NPS did not invoke "unusual circumstances" for Plaintiff's request.

294. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

295. Defendants admit the allegations of this paragraph.

296. Defendants admit the allegations of this paragraph.

297. Defendants admit the allegations of this paragraph.

298. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

299. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Regarding Request DOI-2026-003255**

300. Defendants admit that Plaintiff submitted to DOI's Office of the Secretary ("OS") a FOIA request on or around November 12, 2025. Defendants respectfully refer the Court to the FOIA request itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

301. Defendants admit that Plaintiff emailed OS on or around January 14, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

302. Defendants admit that OS emailed Plaintiff on or around January 22, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of its contents and deny any allegations inconsistent therewith.

303. Defendants admit that Plaintiff and OS communicated regarding Plaintiff's request on or around February 23, 2026. Defendants respectfully refer the Court to the communications themselves for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

304. Defendants deny the allegations of this paragraph. Defendants aver that OS emailed Plaintiff on or around February 24, 2026. Defendants respectfully refer the Court to the email itself for complete and accurate statements of their contents and deny any allegations inconsistent therewith.

305. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

306. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

307. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that OS did not invoke "unusual circumstances" for Plaintiff's request.

308. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

309. Defendants admit the allegations of this paragraph.

310. Defendants admit the allegations of this paragraph.

311. Defendants admit the allegations of this paragraph.

312. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

313. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Facts Applying to All FOIA Requests**

314–319. These paragraphs contain Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of these paragraphs.

320–321. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**CAUSES OF ACTION**

**COUNT I: FOIA Violation**

322. Defendants incorporate by reference their responses to the preceding paragraphs of this Complaint.

323–328. These paragraphs contain Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of these paragraphs.

**COUNT II: FOIA Violation**

329. Defendants incorporate by reference their responses to the preceding paragraphs of this Complaint.

330–335. These paragraphs contain Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of these paragraphs.

**COUNT III: FOIA Violation**

330. Defendants incorporate by reference their responses to the preceding paragraphs of this Complaint.

331. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

332. Defendants deny the allegations of this paragraph.

333. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

334. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

335. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

336. Defendants deny the allegations of this paragraph.

337. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

338. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

339. Insofar as this paragraph relates to Plaintiff's "professional activities," Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. The remainder of this paragraph contains Plaintiff's conclusions of law to which no response is required; to the extent a response is deemed required, Defendants deny the allegations.

340. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

341. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**COUNT IV: FOIA**

348. Defendants incorporate by reference their responses to the preceding paragraphs of this Complaint.

349. Defendants deny the allegations of the first sentence of this paragraph. As to the second sentence of this paragraph, Defendants admit only that FWS has issued a final response with respect to request DOI-2025-008569. The remaining allegations in this paragraph state Plaintiff's conclusions of law, to which no response is required; to the extent a response is deemed required, Defendants deny the allegations.

350. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

351. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

352. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

353. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

354. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

355. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

356. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

357. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

358. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

359. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

360. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

361. This paragraph contains Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

**Requests for Relief**

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly

burdensome to process. The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**SIXTH DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA requests. 5 U.S.C. § 552(a)(6)(C).

**EIGHTH DEFENSE**

Plaintiff failed to exhaust administrative remedies with regard to its FOIA requests or claims.

* * *

Dated: August 14, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: * /s/ Andrew J. Vaden*
ANDREW J. VADEN
Assistant United States Attorney
D.C. Bar #1044860
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*